UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN CARNEY,

                                        Petitioner,

                        v.

RAYMOND COVENY,

                                        Respondent.
_____

DECISION AND ORDER

18-CV-6644L

## INTRODUCTION

Petitioner John Carney has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Erie County Court of one count of manslaughter in the first degree, N.Y. Penal L. § 125.20. Petitioner had been charged in an indictment with second degree murder, first degree assault, and criminal possession of a weapon in the second degree, all stemming from an incident in which he shot two people, one fatally. Pursuant to a plea agreement, on April 9, 2013 he pleaded guilty to the lesser included offense of first degree manslaughter.

The plea agreement provided for a sentence between 18 and 20 years imprisonment, followed by five years of post-release supervision. On May 28, 2013, the court sentenced petitioner to a 20-year term of incarceration.

Although as a part of his plea agreement petitioner waived his right to appeal, he did appeal, arguing principally that the appeal waiver was invalid because it was not entered knowingly, voluntarily, and intelligently. The Appellate Division, Fourth Department, rejected that argument as well as petitioner's other challenges to his conviction and sentence, and affirmed the trial court's

judgment. *People v. Carney*, 129 A.D.3d 1511 (4th Dep't 2015).  The Court of Appeals denied leave

to appeal, 27 N.Y.3d 994 (2016).

Petitioner subsequently filed four motions seeking to vacate the judgment and to set aside

his sentence pursuant to N.Y. C.P.L. §§ 440.10 and 440.20, all of them unsuccessful.  He next filed

his habeas petition in this Court.  Respondent has filed a response to the petition, and petitioner has

filed a reply.

## DISCUSSION

### I. General Principles

At the outset, certain principles must be kept in mind.  First, in reviewing state criminal

convictions in a federal habeas corpus proceeding, a federal court does not sit as a super-appellate

court.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  *See also Ponnapula v. Spitzer*, 297 F.3d

172, 182-83 (2d Cir. 2002) (cautioning against fashioning "every nuance of state law ... into a [legal

insufficiency] problem, thereby transforming federal habeas courts into super-appellate state courts,"

a role which "[b]oth Congress and the Supreme Court prohibit for federal habeas courts").

In other words, "[f]ederal habeas corpus is a backstop.  It lets federal courts review the merits

of federal claims in state criminal cases.  But federal courts do not sit to review state law.  So federal

courts will not review federal claims when the state court's decisions are supported by a state-law

reason, an 'independent and adequate state ground[ ].'"  *Richardson v. Superintendent Coal

Township SCI*, 905 F.3d 750, 759 (3d Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729

(1991)).

While those general principles have been long established, they were further reinforced by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, when a claim has been adjudicated on the merits in state court, federal habeas corpus relief is available only if the state court proceeding: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). That standard poses "a formidable obstacle to habeas relief ... ." *Clark v. Noeth*, 351 F.Supp.3d 369, 371 (W.D.N.Y.), *appeal dismissed*, 2019 WL 7876471 (2d Cir. 2019),

Where a state court rejects a petitioner's habeas claim on the merits, "the federal court must 'focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent.'" *Aparicio v. Artuz*, 269 F.3d 78, 94 (2d Cir. 2001) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001)) (additional citations omitted); *see also Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary"). "A state court decision slips into the 'unreasonable application' zone 'if the state court identifies the correct governing legal principle from [the Supreme Court's] decision but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)) (modification in original). "[A]n unreasonable application of federal law is different from an incorrect or erroneous application of federal law." *Williams*, 529 U.S. at 412 (emphasis in original). Thus, it is not enough that this Court may have decided the question of law

-3-

differently; rather, to deem habeas relief appropriate, the state court's application must demonstrate some additional "increment of incorrectness beyond error." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000).

## II. Analysis

### A. Claims Relating to Alleged Ineffective Performance of Trial Counsel

Petitioner has presented five grounds for relief in his petition. The first four of those relate to his claim of ineffective assistance of counsel. In short, he alleges that his attorney gave him incorrect advice about what his sentence would be, and that the state court committed certain errors in deciding this claim when he presented it in his § 440.10 petition.

Several principles govern this Court's analysis. The first relates to the standard to be applied on petitioner's claim that his attorney rendered ineffective assistance, in violation of petitioner's rights under the Sixth Amendment.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that "counsel's representation fell below an objective standard of reasonableness" and that he suffered actual prejudice as a result, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). This two-part *Strickland* test imposes a heavy burden on one claiming ineffective assistance of counsel. Both prongs must be established to warrant relief. *Id.*

In determining whether the test has been met, the court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance."

*Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 689).  As such, "decisions which fall squarely within the ambit of trial strategy ... if reasonably made, will not constitute a basis for an ineffective assistance claim."  *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987).  The court must also bear in mind that the *Strickland* standard "does not guarantee perfect representation, only a reasonably competent attorney."  *Harrington*, 562 U.S. at 110 (internal quotation marks and citations omitted).

A habeas petitioner presenting a claim of ineffective assistance of counsel "faces an additional hurdle:  the high standard of deference that this Court owes to the state court's finding that he received constitutionally adequate assistance."  *Rupert v. Noeth*, 510 F.Supp.3d 3, 7 (W.D.N.Y. 2020) (citing *Winfield v. Dorethy*, 956 F.3d 442, 451 (7th Cir. 2020)).  He would have to show not only that his attorney was ineffective, but also that the state court's ruling is "so lacking in justification that there was an error ... beyond any possibility of fairminded disagreement."  *Burt v. Titlow*, 571 U.S. 12, 19-20 (2013).  This "doubly deferential" standard, *id.* at 16, presents a "formidable barrier" to a habeas petitioner, *id.* at 19.

The Court must also bear in mind that petitioner's claim arises in the context of a guilty plea. As the Supreme Court has explained, "to establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quoting *Strickland*, 466 U.S. at 694).  "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice."  *Id.*  For example, in *Hill v. Lockhart*, 474 U.S 52 (1985), when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show "that there [was]

a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

In addition, to the extent that petitioner asserts that the state court erred in deciding his § 440.10 petition, those claims are not reviewable by this Court on a federal habeas petition. Petitioner must show that his federal constitutional rights were violated in light of established Supreme Court precedent, as explained above.

Petitioner's asserted grounds for relief fall far short of meeting these standards. Regarding his attorney's performance, he alleges that his lawyer assured him that the sentencing judge would give him the minimum sentence under the plea agreement, *i.e.* 18 years. Instead, the judge imposed the maximum, 20 years.

According to respondent, prior to his guilty plea petitioner was looking at a potential sentence of 50 years to life in prison if he went to trial and were convicted on all three counts of the indictment. That is supported by the New York sentencing statute, *see* N.Y. Penal L. § 70.00(2), particularly since there were two victims, which would justify the imposition of consecutive sentences, *see, e.g., People v. Wilkins*, 176 A.D.3d 460, 461 (1st Dep't 2019). Petitioner also had a prior felony on his record, which further increased his sentencing exposure, *see* N.Y. Penal L. § 70.06.

Considering what he was facing--a potential sentence of five decades if not life in prison--it is almost inconceivable that petitioner would have decided against taking a guilty plea had he known that he would be sentenced to 20 years instead of the 18 that he allegedly expected. Furthermore, petitioner stated at the plea proceeding that he understood that he could be sentenced anywhere between 18 and 20 years, *see* Dkt. #9-2 at 30. In light of all these undisputed facts, his present

assertion that he would have insisted on going to trial had he known that he would receive a 20-year sentence rings hollow.

Petitioner's contentions that the state court committed various errors relating to his ineffective-assistance claim in his § 440.20 proceeding are equally meritless.  Although petitioner alleges that his federal due process rights were violated, it is evident from his allegations and arguments that he alleges no more than errors of state law.  While this Court need not, indeed cannot, decide those matters, I see no basis even for those assertions, much less for any claim of a federal constitutional violation.[1]  Such claims are not cognizable on federal habeas review, *see Major v. Lamanna*, No. 18-cv-418, 2021 WL 4267851, at *30 (N.D.N.Y. Sept, 3, 2021), and I decline petitioner's suggestion that I depart from what he acknowledges is the "majority rule," *see* Dkt. #9 at 21, by holding to the contrary.

### B. Waiver of Right to Appeal

Petitioner also alleges that he was denied due process because his waiver of his right to appeal was invalid.  He alleges, without factual support, that he was unaware of what rights he was waiving when he entered his plea.

Petitioner raised this argument in his direct appeal, and the Appellate Division rejected it, stating, "The record establishes that County Court engaged defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice, and that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited

---

[1] To note just one example, petitioner's insistence that the state court should have held an evidentiary hearing on his § 440.10 petition is belied by his own reply memorandum, in which he concedes that the decision whether to conduct such a hearing lies within the discretion of the state court, *see* Dkt. #9 at 19, 24.  *See also People v. Dogan*, 37 N.Y.3d 1007 (2021) (trial court did not abuse its discretion in denying defendant's § 440.10 motion without a hearing because defendant failed to sufficiently allege a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial).

upon a plea of guilty." 129 A.D.3d at 1511 (internal quotes and citations omitted). That finding is reasonable and entitled to substantial deference by this Court.

Even if I were to consider this contention *de novo*, it is flatly contradicted by the record. The Court has read the transcript of petitioner's plea proceeding, which shows that the trial court engaged in a lengthy, thorough colloquy with petitioner concerning his appeal waiver. After confirming that petitioner understood that he was waiving his right to appeal, the court explained the consequences of that decision in some detail, stating, *inter alia*, "you are giving up the right to have any higher court look at this case to see if there's any legal error which brought about your conviction ... . All of those rights would be gone. You cannot raise those issues again at a later time." Petitioner repeatedly affirmed that he understood what he was doing and the consequences of his waiver, that he had discussed it with his attorney and had time to think about it, and that he wished to proceed with his guilty plea. (Dkt. #9-2 at 30-32.) There is no merit to this claim.

## CONCLUSION

For all the reasons stated above, there is no basis to grant habeas corpus relief in this case. Therefore, the petition for a writ of habeas corpus (Dkt. #1) is DENIED. The Court also denies issuance of a certificate of appealability because petitioner has failed to make a substantial showing of the denial of any constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 21, 2021.